## Elizabeth J. SVANCERAK, Appellant,

v.

## William P. SVANCERAK, Respondent.

### No. ED 91131.

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 23, 2008.

David Bohm, Sophya N. Qureshi, St. Louis, MO, for appellant.

John E. Hilton, Joyce M. Capshaw, St. Louis, MO, for respondent.

Before NANNETTE A. BAKER, C.J., GLENN A. NORTON, J., and KENNETH M. ROMINES, J.

### ORDER

PER CURIAM.

Appellant Elizabeth J. Svancerak ("Wife"), appeals from the judgment of the Circuit Court of St. Louis County, the Honorable Larry L. Kendrick presiding, after the judge granted Respondent William P. Svancerak's ("Husband") motion to modify the maintenance award in the couple's dissolution of marriage judgment. After a trial and various post-trial motions and hearings, the court entered his judgment terminating Husband's maintenance obligations towards Wife.

Wife appealed, claiming essentially four instances of trial court error. First, Wife claims the trial court erred in granting attorney Piper's motion to withdraw and erred in not granting Wife's motion for a continuance in that the former was untimely filed in that Wife received no notice, and

the latter unfairly prejudiced Wife in that she did not have time to seek new counsel. Second, Wife argues the trial court erred in granting Piper's motion to withdraw and denying Wife's motion for a continuance in that said judgment deprived Wife of her right of procedural due process. Third, Wife insists the trial court erred in failing to grant Wife's motion for an appointment of a Guardian Ad Litem ("GAL"), and erred in failing to grant an evidentiary hearing on said motion. Finally, Wife contends the trial court erred in granting Husband's motion to modify when Husband allegedly failed to demonstrate a substantial and continuing change in his or Wife's circumstances as to justify a termination of Husband's maintenance obligation to Wife.

We have thoroughly reviewed the record and the briefs of the parties and find that no error of law appears. Therefore, an opinion would serve no jurisprudential purpose. The judgment is affirmed pursuant to Rule 84.16(b).

AFFIRMED.